**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**EDWIN PENCE, et al.,**

        **Plaintiffs,**

**-vs-**                                                         **Case No.  3-:02-CV-398**

**ABN AMRO MORTGAGE GROUP,
INC., et al.,**

                                                         **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JERRY CONNER (Doc. #63) FOR THE SUM CERTAIN OF $59,337.50**

---

Now before the Court is Plaintiffs' unopposed Motion for Judgment of Default Against Jerry Conner ("Conner"). (Doc. #63.) Default for failure to appear was entered against Conner on July 10, 2004. (Doc. #22.) Plaintiffs now seek default judgment against Conner in the amount of $59,337.50 pursuant to Fed.R.Civ.P. 55(b)(1).

When a defendant is defaulted for failure to appear, the well-pleaded factual allegations are sufficient to establish a defendant's liability but the allegations of the complaint regarding the amount of damages are not controlling. *National Satellite Sports, Inc. v. Mosley Entertainment, Inc.*, 2002 WL 1303039 at *3 (E.D.Mich. May 21, 2002). Regarding damages, Rule 55(b)(1) provides that judgment by default may be entered when the claim is for a sum certain or for a sum which can by computation be made certain if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory

note. *Dailey v. R & J Commercial Contracting*, 2002 WL 484988 at *3 (S.D.Ohio Mar. 28, 2002). Further, affidavits are to be submitted regarding the amount due. Fed.R.Civ.P. 55(b)(1).

Plaintiffs' Motion for Default Judgment raises an issue involving multiple defendants that must be addressed before reaching the specifics of the Motion. When one or multiple defendants is alleged to be jointly liable, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants or all defendants have defaulted. 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure Civil* §2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).

This matter involves multiple defendants and all of them have not been defaulted. A review of the Complaint indicates that the only joint liability with regard to Conner was a claim against all Defendants for conspiracy. However, the conspiracy claim, Count XXIV, has been dismissed by the Plaintiffs. (Doc. #62.) Therefore, there are no remaining claims for which Conner may be jointly liable with another Defendant. Plaintiffs' Motion for Default with regard to Conner can now be addressed.

Plaintiffs make three separate claims against Conner for damages which they argue are a sum certain or a sum which by computation can be made certain. Each of the claims will be addressed in turn.

Plaintiffs make claims against Conner for fraud, for negligent misrepresentation and for violation of the Ohio Consumer Sales Practices Act ("CSPA"). Damages for a fraudulent or negligent appraisal consist of the difference between the actual value of the appraised property and the price paid, plus any special damages naturally and proximately caused by the fraud or negligence before it is discovered. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928 (8th

Cir. 2000); *Federal Savings & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261 (5th Cir. 1992). Violations of the CSPA entitle the consumer to treble damages not to exceed $200 and to reasonable attorney's fees.

First, Plaintiffs seek damages in the amount of $57,000 for fraud and for negligent misrepresentation, Counts XXI and XXII of their Complaint, with regard to an appraisal report prepared by Conner for a home that Plaintiffs refinanced. Taking this factual allegation as true, the analysis turns to the computation of damages.

Conner appraised the home for $152,000 (Plaintiffs' Motion for Judgment of Default against Conner, Ex. B, ¶4) and the home was refinanced for that amount. The property was later properly appraised for $95,000. (Plaintiffs' Motion for Judgment of Default against Conner, Ex. B, ¶5.) Therefore, the Plaintiffs suffered damages with regard to Counts XXI and XXII by virtue of Conner's appraisal of $57,000. (Plaintiffs' Motion for Judgment of Default against Conner, Ex. B, ¶6.)

Plaintiffs also seek damages for knowing violation of Sections §1345.02 and/or §1345.03 of the CSPA as a result of the alleged fraud and negligent misrepresentation. Taking this factual allegation as true, the analysis turns to the computation of damages.

First, the CSPA provides for maximum statutory damages of $200 for violation of O.R.C. §1345.02 or §1345.03. Therefore, Plaintiffs are entitled to statutory damages of $200.

Plaintiffs also seek CSPA damages for attorneys' fees as a result of the knowing violations. Plaintiffs present evidence that they paid their first attorney $750 for activity involving their entire Complaint and, based upon having four defendants, assign one fourth of that amount, or $187.50, to their claims against Conner. The Plaintiffs also present evidence that

they have expended $1,950 for their current attorney to deal with their claims against Conner. Therefore, Plaintiffs are entitled to $2,137.50 for attorneys' fees.

Because they have made this Motion pursuant to Fed.R.Civ.P. 55(b)(1) and quote the language therefrom, Plaintiffs are averring that Conner is not an infant or incompetent person. Therefore, judgment shall be entered on behalf of Plaintiffs Edwin and Sharon Pence and against Defendant Jerry Conner in the amount of $59,337.50 for fraud, negligent misrepresentation and violation of Ohio's CSPA. The amount of this judgment is in accordance with Ohio law and includes attorney's fees for services rendered in this case.

**DONE** and **ORDERED** in Dayton, Ohio, this Eighteenth day of April, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record